IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

    Plaintiff,

vs.                                                                No. 25-cv-19 KWR/KK

THE GEO GROUP, INC., *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff Pedro Amaro's civil rights claims. Plaintiff is a state prisoner and is proceeding *pro se*. Also before the Court are the following motions: (1) Motion to Dismiss (Doc. 5), Motions to Strike (Docs. 13 and 19), and Motion to Stay Discovery (Doc. 16), filed by Defendant New Mexico Corrections Department ("NMCD"); and (2) Plaintiff's Motion to Remand (Doc. 8), and Motion for Award Pursuant to 28 U.S.C. § 1447(c) (Doc. 18). Having reviewed the record and applicable law, the Court will deny Plaintiff's Motion to Remand, grant in part NMCD's Motion to Dismiss and Motion to Stay, grant Plaintiff leave to amend, and deny all other requested relief.

    **I.**     **Background**

    Plaintiff initially filed a Prisoner Civil Complaint (Doc. 1-1) on November 18, 2024 in New Mexico's First Judicial District Court. Plaintiff mainly brings claims regarding his conditions of confinement, and alleges that he suffered injuries from carbon monoxide poisoning while he was incarcerated at the Guadalupe County Correctional Facility ("GCCF"). (Doc. 1-1) at 1, 7-8. He makes several additional claims, including that he was sexually abused and received inadequate

medical care. *Id.* at 6-9. Plaintiff names as Defendants GEO Group, Inc., the County of Guadalupe, and NMCD. *Id.* at 1-2. He seeks multiple millions of dollars in damages. *Id.* at 10-11. On January 8, 2025, NMCD removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1). NMCD then moved to dismiss Plaintiff's claims, *inter alia*, for violation of the three-year statute of limitations and failure to state a claim under Rule 12(b)(6). (Doc. 5). Plaintiff filed a Motion to Remand (Doc. 8) to state court on January 30, 2025, and NMCD filed a Motion to Stay Discovery (Doc. 16) on May 19, 2025.

## II.     Plaintiff's Motion to Remand and Motion Pursuant to 28 U.S.C. § 1447(c)

An action filed in state court may be removed to Federal District Court if the complaint raises a federal question. *See* 28 U.S.C. 1441(a). Federal questions include claims arising under the United States Constitution or federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) ("To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff[ ] [is] aggrieved.") (quotations omitted).

Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint." *Id.* "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential

to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* Moreover, in determining whether a claim arises under federal law, courts examine only the allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Plaintiff states in his Complaint that he brings conditions of confinement claims under the New Mexico constitution *and* the "U.S. Constitution." *See* (Doc. 1-1) at 9, ¶¶ 29, 31. Plaintiff nevertheless seeks remand of this case back to state court because he claims the New Mexico Tort Claims Act "is the exclusive remedy" for his claims and state courts "are duly bound by" federal law and "must enforce [federal] law generally in their State courts." (Doc. 8) at 2. He further argues he is "unduly prejudiced" at a "distinct disadvantage" because federal courts often decline to exercise jurisdiction over state law claims, so his state claims are unlikely to be heard in this Court alongside his federal claims. *Id.* at 3-4. In addition, Plaintiff alleges in his Motion for Award Pursuant to 28 U.S.C. § 1447(c) that remand is required because removal of this case "automatically converted Plaintiff's State Court 'Tort' action … into a 42 U.S.C. § 1983 action … ." (Doc. 18) at 1.

Removal of Plaintiff's Complaint was proper because a federal question is clear on the face of the Complaint and Plaintiff does not deny seeking relief under federal law. Plaintiff's reliance on 28 U.S.C. § 1447(c) does not affect this finding because that statute governs the procedure for motions to remand based on "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Plaintiff has not pointed to any procedural defect in the Notice of Removal. Therefore, Plaintiff's Motion to Remand (Doc. 8) and Motion for Award Pursuant to 28 U.S.C. § 1447(c)

3

(Doc. 18) will be denied. As set forth below, Plaintiff may still amend his claims. If he seeks to litigate in state court, he has the option to explicitly forgo all federal claims and limit his amended complaint to state law causes of action. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain).

### III. NMCD's Motion to Stay Discovery

NMCD seeks a stay of discovery until their Motion to Dismiss is resolved. (Doc. 16). By statute, the Court must screen all civil complaints where, as here, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. *Sua sponte* dismissal is required where the complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. 28 U.S.C. §1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by a prisoner until the Court orders a response. 42 U.S.C. §1997e(g)(1)-(2). Prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M.LR-Civ. 16.3(d).

Consistent with these authorities, Defendants are not required to take further action in this case until after the initial review process is complete. The Court will grant the Motion to Stay (Doc. 16) in part to the extent it applies to Defendants' pre-screening obligations. Defendants are not required to respond to Plaintiff's filings or engage in discovery unless and until this Court orders otherwise. The proceedings will not be entirely stayed, however, as the Court will continue to work on the case and review the existing filings. If Plaintiff's claims survive initial review, the Court will enter a separate order setting a deadline for Defendants to file an answer.

### IV.     Plaintiff Must File a Single Amended Pleading

Under the Prison Reform Litigation Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a).  Under § 1915A(b), the Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  To avoid dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

While Plaintiff's Complaint appears to mainly focus on the release of carbon monoxide in GCCF, he also raises multiple cursory allegations regarding prisoner property, GEO and NMCD staff behavior, excessive force, sexual abuse, failure to protect inmates from the Covid virus, contamination of drinking water, and excessive lockdowns.  *See* (Doc. 1-1) at 4-9.  Plaintiff's claims are presented in narrative form, and he does not name any individual Defendants or actions by individual Defendants.  In addition, Plaintiff has filed several documents containing hundreds

of pages of additional factual allegations and claims and exhibits relating to his claims. *See* (Docs. 9, 10, 12, 20).

"It is not the role of either the court or the defendant to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). Accepting Plaintiff's piecemeal pleadings would force the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." *McNamara*, 570 Fed. App'x at 743. The piecemeal pleadings also impede the screening function under 28 U.S.C. § 1915A because the Court cannot discern which claims Plaintiff seeks to pursue against whom or whether any claims have merit. *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

Based on the foregoing, the Court will grant Defendants' Motion to Dismiss (Doc. 5) in part and dismiss the Complaint (Doc. 1-1) without prejudice for failure to comply with Rule 8 or state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file a single amended complaint on the proper form § 1983 complaint within thirty (30) days of entry of this Order. The amendment must not exceed 30 pages in length. Plaintiff is reminded that the amendment must "make clear exactly *who* is alleged to have done

*what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original).  "Collective allegations" regarding the alleged wrongdoing will not meet this standard.  *Id.*  Plaintiff is further reminded that if he wishes to name an entity or a prison supervisor, such defendants cannot be liable under § 1983 for the actions of their employees.  *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).

In addition, to state a viable Eighth Amendment claim, Plaintiff must plead facts that satisfy standards governing the objective and subjective elements of the claim.  *See Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  This requires that "the deprivation alleged must be, objectively, sufficiently serious," meaning that the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities[.]"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  This also requires Plaintiff to establish that the defendant had a sufficiently culpable state of mind, meaning the defendant knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Plaintiff is finally advised that any amendment will supersede the Complaint and must include all federal and state claims he wishes to pursue in this case.  If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.  The Court will deny all remaining pending motions (Docs. 13 and 19) without prejudice, as an amended pleading renders

them moot. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff files an amended complaint, Defendants may file another motion to dismiss.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Remand (**Doc. 8**) is **DENIED**;

2. Defendant NMCD's Motion to Stay Discovery (**Doc. 16**) and Motion to Dismiss (**Doc. 5**) are **GRANTED in part** as set forth above;

3. Defendant NMCD's Motions to Strike (**Docs. 13** and **19**), and Plaintiff's Motion for Award Pursuant to 28 U.S.C. § 1447(c) (**Doc. 18**) are **DENIED as moot**;

4. Within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that complies with the above instructions; and

5. Failure to timely comply with this Memorandum Opinion and Order may result in dismissal of this action without further notice.

**SO ORDERED.**

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE